UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| TONY LEONARD, | ) Docket no. 2:18-CR-70-GZS |
| | ) |
| | ) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S MOTION TO SUPPRESS**

Before the Court is Defendant Tony Leonard's Motion to Suppress (ECF No. 45). Defendant contends that the warrant to search the second and third floor apartments at 41 Walnut Street in Lewiston was not supported by probable case and requests a Franks hearing on the basis of two purported omissions from the warrant affidavit. See Franks v. Delaware, 438 U.S. 154 (1978). Specifically, regarding the need for a Franks hearing, Defendant contends that

> the affidavit prepared by [p]olice on August 16, 2017 contained [] material omissions because it failed to disclose information known to the police that the alleged [confidential informant] purchaser of [c]ocaine from the [D]efendant left the purchase site with another individual before returning to the predetermined meeting site and, thus, there is an alternative source of the [c]ocaine they turned over to the police. Further, the affiant includes information in [his] affidavit that the [confidential informant] was equipped with a recording/monitoring devi[c]e, thus leaving the false impression with the reviewing court that there was something of evidentiary value recorded or monitored. The fact that nothing of value could be heard due to background noise is a second material omission from t[h]e warrant affidavit.

(Def.'s Motion to Suppress, PageID # 101.)

After considering the warrant materials and the parties' briefs, the Court concludes that Defendant has not demonstrated his entitlement to a Franks hearing. Accepting Defendant's factual allegations, neither purported omission was "necessary to the finding of probable cause."

United States v. Rigaud, 684 F.3d 169, 173 (1st Cir. 2012). Even if the warrant affidavit had included that the confidential informant left the controlled buy purchase site with another individual, this would not have been sufficient to negate the wealth of other information in the affidavit supporting probable cause, see Gov't Response (ECF No. 47), PageID #s 128-30, particularly the consistent information provided by multiple confidential informants, United States v. Widi, 684 F.3d 216, 221 (1st Cir. 2012). The failure to mention that nothing of evidentiary value was taken from the recording equipment due to background noise was not a material omission considering that the affiant in no way suggested that the placement of a recording device on the confidential informant led to relevant information.

Probable cause entails "only a *fair probability* that contraband or evidence of a crime will be found in a particular place." United States v. Rivera, 825 F.3d 59, 63 (1st Cir. 2016) (emphasis added) (quotation marks omitted). The Court readily concludes that this standard would have been met in this case even if the information Defendant points to had been included in the warrant affidavit. Therefore, Defendant's Motion to Suppress and his request for a Franks hearing is DENIED.[1]

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 6th day of August, 2018.

---

[1] Because the Court determines that the purported omissions were not necessary to the finding of probable cause, the Court does not address the Government's alternative "good faith" argument pursuant to United States v. Leon, 468 U.S. 897 (1984).

2