**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Docket no. 2:18-cr-00070-GZS |
| TONY LEONARD, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON MOTION FOR REIMBURSEMENT**

Before the Court is the Government's Motion for Reimbursement of Criminal Justice Act Fund Pursuant to 18 U.S.C. § 3006A(f) (ECF No. 115). Although the Motion was mailed directly to Defendant, he has not responded to the Motion. For reasons briefly explained herein, the Court RESERVES RULING on the Motion pending the Government providing notice to other interested parties.

Defendant Tony Leonard is currently serving a 96-month sentence imposed in this case for unlawful possession of a firearm. The firearm at issue was seized from Leonard, along with illegal drugs and cash, on August 17, 2017, pursuant to the execution of a state-issued search warrant. The Government asserts in its motion papers that the Lewiston Police Department remains in possession of $10,053.00 that was seized from Defendant. It asks that this Court enter an order "authorizing the Lewiston Police Department to turnover seized funds to the Clerk of Court for reimbursement of the costs of Defendant's court-appointed CJA counsel."[1] (Gov't Mot., PageID

---

[1] The Court has determined that the Government has standing to make this request. See, e.g., United States v. Szpyt, 253 F.R.D. 5, 7 (D.Me. 2008) (citing United States v. Harris, 707 F.2d 653, 662 (2d Cir.1983).

# 544.)  Although not noted in the Government's Motion, the Court has confirmed that a total of $20,213.01 has been paid to Attorney VanDyke and Attorney Vincent for the legal services they provided Leonard pursuant to the CJA appointments made in this matter.

The Government cites § 3006A(f) as the statutory authority for its request, which in relevant part reads: "Whenever . . . the court finds that funds are available for payment from or on behalf of a person furnished representation, it may authorize or direct that such funds be paid to . . . the court for deposit in the Treasury as a reimbursement . . . ."  18 U.S.C. § 3006A(f)  Here, the Government contends that "the initial criterion of 'availability' . . . has been met."  (Gov't Mot., PageID # 543.)  However, the two cases the Government cites for this proposition encourage the Court to consider the Defendant's family obligations in making an "availability" determination.  See United States v. Bracewell, 569 F.2d 1194, 1197 (2d Cir. 1978) ("[T]he district court is obliged to conduct an inquiry into the defendant's personal and familial financial status."); United States v. Palenzuela-Mendez, Case No. 4:14-CR-00031-TWP-VTW-5, 2018 WL 6171471, at *2 (S.D. Ind. Nov. 26, 2018) ("To determine whether the funds at issue are 'available' for payment within the meaning of § 3006A(f), a court should consider whether repayment would . . . interfere with his family obligations, and whether third parties have claims to the funds.").

Turning to the January 24, 2019 Revised Presentence Report ("PSR"), it notes that Leonard has multiple minor children and that at least one of those children was apparently in the custody of the Maine Department of Health & Human Services.[2]  The PSR also includes Leonard's self-report that he had a child support order in place.  (PSR ¶ 74.)  Additionally, with respect to the financial condition of the Defendant, the PSR explains: "A consumer credit report reveals $30,819 in child support arrears from the [State of Maine] Division of Support." (PSR ¶ 86.)  Given this

---

[2] Leonard's February 8, 2018 Financial Declaration similary noted that he had at least ten dependents.

record, the Court, in an exercise of its discretion, concludes that both the State of Maine and the City of Lewiston should be provided notice and an opportunity to be heard on the Government's reimbursement request before it makes a finding that the cash seized from this Defendant is "available" under 18 U.S.C. § 3006A(f).

Therefore, the Court hereby ORDERS that the Government shall provide a copy of its Motion and this Order to the State of Maine Attorney General's Office as well as the City of Lewiston.  The Government shall notify the Court via a filing on the docket when this service is completed.  The Maine Attorney General and/or counsel for the City shall have thirty days from the date of service to file any objection to the Government's Motion.  If no objection is received by this date, the Court will deem the seized funds available and grant the the Government's Motion for Reimbursement of Criminal Justice Act Fund Pursuant to 18 U.S.C. § 3006A(f).

SO ORDERED.

                                            /s/ George Z. Singal
                                            United States District Judge

Dated this 17th day of December, 2020.