UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Docket no. 2:18-cr-00070-GZS |
| TONY LEONARD, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE)**

Before the Court is Defendant's Motion for Compassionate Release (ECF No. 117). On December 28, 2020, the Court issued an Order to Show Cause (ECF No. 120) regarding the Motion. Having reviewed Defendant's responses to the Order to Show Cause (ECF Nos. 123 & 124), along with the entire docket, the Court DENIES the Motion.

**I.    LEGAL STANDARD**

A defendant seeking a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) must prove that he has exhausted available administrative remedies and that there are "extraordinary and compelling" reasons that presently warrant a reduction in his sentence. See 18 U.S.C. § 3582(c)(1)(A)(i). In considering what qualifies as extraordinary and compelling, this Court has generally looked to U.S.S.G. § 1B1.13 & Application Note 1.[1] Beyond those Guideline definitions of extraordinary and compelling reasons, the Court acknowledges that at least four circuits have now held that U.S.S.G. § 1B1.13 should not be viewed as limiting the reasons that the Court might

---

[1] See, e.g., United States v. Estrella, No. 2:15-cr-00032-GZS, 2019 WL 6689897 (D. Me. Dec. 6, 2019) (denying motion for compassionate release). The Court notes that based on a renewed, pandemic-related motion for compassionate release, Estrella was granted compassionate release. See United States v. Estrella, No. 2:15-cr-00032-GZS (D. Me. June 16, 2020).

consider extraordinary and compelling when a defendant brings a motion under 18 U.S.C. § 3582(c)(1)(A).  See United States v. McCoy, 981 F.3d 271, 281 (4th Cir. 2020); United States v. Jones, 980 F.3d 1098, 1110 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180 (7th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020).  It is not clear whether the First Circuit will adopt this approach, although it has affirmed a compassionate release denial from the District of Maine while noting with apparent approval that "the district court did consider other relevant circumstances not specifically enumerated in the guidelines en route to denying relief." United States v. Fox, No. 19-1785 (1st Cir. July 23, 2020), *aff'g* No. 2:14-cr-00003-DBH, 2019 WL 3046086 (D. Me. July 11, 2019).  Given this backdrop, the Court reviews the entire record to consider whether a defendant presents any extraordinary and compelling reasons for a sentence reduction.

If the Court finds a defendant has established extraordinary and compelling reasons to reduce his sentence, the Court must next consider any applicable factors found in 18 U.S.C. § 3553(a).  See, e.g., United States v. Almeida, No. 2:11-CR-127-DBH-01, 2021 WL 22332, at *2 (D. Me. Jan. 4, 2021) (denying compassionate release based on § 3553(a) factors after finding that defendant's medical conditions qualified as extraordinary and compelling in light of the coronavirus pandemic).  Critically, in exercising its discretion to grant any sentence reduction, the Court also considers "the need . . . to protect the public from further crimes of the defendant."  18 U.S.C. § 3553(a)(2)(C); ); see also U.S.S.G. § 1B1.13(2) (requiring a court determination that "the defendant is not a danger to the safety of any other person or to the community").

## II.     DISCUSSION

Defendant Tony Leonard, now 51 years of age, is presently serving a 96-month sentence at FCI Schuylkill.  Currently, he has an estimated release date of June 10, 2024.  He presently

2

seeks compassionate release citing the ongoing COVID-19 pandemic and his underlying medical conditions, which include diabetes (type 2), hypertension, high cholesterol, and obesity. He correctly asserts that these underlying conditions place him at higher risk for severe illness should he contract COVID-19. For purposes of the present motion, the Court assumes without deciding that the combination of medical conditions and Defendant's age amounts to an individualized showing of extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A)(i).

The next step in the Court's consideration of Defendant's Motion requires the Court to consider all applicable factors listed in 18 U.S.C. § 3553(a). As the Court noted in its Order to Show Cause, Defendant was found to be criminal history category VI at sentencing and his present sentence reflects his possession of a firearm in connection with cocaine distribution. Also, as documented in his presentence report, he has an extensive history of substance abuse when not incarcerated. Defendant has completed an admirable number of educational courses thus far and has been participating in nonresidential drug counseling. However, as was noted in his November 2020 program review, he has not yet obtained his GED or completed RDAP.[2] See ECF No. 117-1, PageID # 553.

While Leonard initially proposed that he would seek to live with his brother in Alabama if he were released, he now informs the Court that he sadly lost his brother to COVID-19 in January 2021. He nonetheless indicates a desire to move to Alabama upon release to live with other unidentified relatives. The Court has received letters from two of Defendant's older children who live in Maine and express genuine desire to have their father involved in their lives. See ECF Nos. 123-2, 123-3. Additionally, the Court has reviewed an email from an individual in Maine who has previously known Leonard and offers to mentor him upon release. See ECF No. 123-4.

---

[2] The Court notes that the most recent filing received from Leonard appears to be a copy of an RDAP agreement suggesting he is beginning the process for being enrolled in RDAP. See ECF No. 124.

Based on the entirety of the available record, the Court cannot conclude that Leonard is not a danger to the community if he were immediately released.  Specifically, the Court is concerned that Leonard needs further educational training and substance abuse treatment, along with a more defined release plan, in order to be successful with his three year term of supervised release.  In short, the various goals that informed the Court's 96-month sentence remain and, as a result, the Court concludes that the § 3553(a) factors presently weigh in favor of not modifying Defendant's sentence to allow for his immediate release.

Based on the Court's weighing of the applicable § 3553(a) factors, Defendant's Motion (ECF No. 117) is hereby DENIED.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 12th day of February, 2021.